UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MICHAEL DEMOND STARKS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 3:15-cv-00358 Senior Judge Nixon |
| v. | ) ) | |
| WILSON COUNTY JAIL, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM

Plaintiff Michael Demond Starks (#00374268), an inmate at the Wilson County Jail in Lebanon, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983. (Doc. No. 1.) The plaintiff names fourteen defendants in this action, as follows: Wilson County Jail; inmate Kerry Mark Sellars; Sheriff Robert Bryan; Captain f/n/u Bennett; Lieutenant Doug Whitefield; Lieutenant f/n/ Shoemake; Sergeant f/n/u Brown; Corporal f/n/u Apple; Commissioner Stacey Swindell; Officer f/n/u Denson; Officer f/n/u Bennett; Officer f/n/u Bollard; and Officer f/n/u Smith. All non-entity defendants are sued in both their official and individual capacities.

The plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

### I. Standard of Review

Under the Prison Litigation Reform Act (PLRA), this Court must conduct an initial screening of a prisoner's *pro se* complaint against a governmental entity or official. The Court must dismiss the complaint *sua sponte* before service on any defendant if the complaint asserts claims that are frivolous or malicious, fails to state claims upon which relief can be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

The plaintiff brings this action pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws." To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## II. Analysis

The plaintiff asserts a number of claims against many defendants. As to the plaintiff's claims against the Wilson County Jail, a jail or workhouse is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger Cnty. Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Wilson County Jail, and all claims against the Wilson County Jail will be dismissed.

Next, the plaintiff has named as a defendant the inmate who allegedly attacked the plaintiff, Kerry Mark Sellars. However, to maintain an action under § 1983, a plaintiff must establish that he was deprived of a right secured by the Federal Constitution or law of the United States by a person acting under color of state law. *Lewis v. McClennan*, 7 Fed. App'x 373, 375 (6th Cir. 2001)

(dismissing prisoner's § 1983 claim against fellow prisoner who assaulted him). The plaintiff has not alleged that inmate Sellars was operating as a state actor at the time of the assault, and there is no evidence in the record to suggest as much. The plaintiff cannot recover any damages from Sellars for his attacks on the plaintiff under § 1983.

Next, the plaintiff's claims for monetary damages against the remaining individual defendants in their official capacities are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). Thus, those claims must be dismissed.

The plaintiff alleges that no one responded to the grievances he filed with regard to his various problems. Although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure, *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, a plaintiff cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983) (overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiff's assertions that any defendant failed to respond to the plaintiff's grievances do not state a claim under the First Amendment.

The court notes, however, that the plaintiff's claim that his due process rights under the Fourteenth Amendment were violated with regard to his right to appeal the disciplinary charges against him, including changes to his classification level, is a separate claim that is not subject to

dismissal at this stage of the proceedings. *See Parker v. Corrs. Corp. of Am.*, 2014 WL 2481874 (W.D. Tenn. June 3, 2014)(upon initial review under PLRA, finding that complaint stated actionable § 1983 claims based on actions that allegedly violated inmate's due process rights in the deprivation of the plaintiff's right to appeal the disciplinary charges against him).

A Fourteenth Amendment procedural due process claim depends on the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir.1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Confinement to segregation, the loss of package privileges, fines, and restitution do not constitute an atypical and significant hardship in the context of prison life. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986). Although it is unclear at this stage whether the plaintiff will be able to prevail on his due process claims, the court finds that the plaintiff has stated actionable due process claims under § 1983. The plaintiff's due process claims against the remaining defendants in their individual capacities therefore will be permitted to proceed.

With regard to the plaintiff's claims that the defendants failed to protect him from physical injuries caused by another inmate, even though the defendants were well aware of the danger to plaintiff, states an actionable claim under the Eighth Amendment of the United States Constitution. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (prison officials have a duty to protect prisoners from violence suffered at the hands of other prisoners). From the plaintiff's allegations, it can be inferred that the defendants failed to properly

protect the plaintiff as they were required to do. Thus, these claims will be permitted to proceed as well.

## IV. Conclusion

As set forth above, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to the following claims and defendants: all claims against defendant Wilson County Jail; all claims against defendant Kerry Mark Sellars; all claims for monetary damages against all remaining defendants in their official capacities; and all claims against the remaining defendants based on failure to respond to the plaintiff's grievances. These claims and defendants therefore will be dismissed.

However, the court finds that the complaint states colorable due process and failure to protect claims pursuant to 42 U.S.C. § 1983. The case will proceed as to these claims and against defendants Bryan, Bennett, Whitefield, Shoemake, Brown, Apple, Swindell, Denson, Bennett,[1] Bollard, and Smith.

An appropriate order will be entered.

This the _____ day of April, 2015.

John T. Nixon
Senior United States District Judge

---

[1] There are two defendants with the last name Bennett (Captain Bennett and Officer Bennett). At this time, the plaintiff has not identified those defendants' first names.

5